Willie **ABRAHAM** et al.,
**Petitioners-Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 603, 655, 625 and 735, Dockets 76–2135, 76–2136, 76–2150 and 76–2152.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 11, 1977.

Decided January 21, 1977.

Allan M. Palmer, Washington, D. C., for petitioner-appellant Abraham.

Alvin Geller, New York City (Geller & Cohen, New York City, of counsel), for petitioner-appellant Holder.

William C. Chance, Jr., New York City (Chance & Schofield, New York City, of counsel), for petitioner-appellant Hoke.

Henry J. Boitel, New York City, for petitioner-appellant Grant.

Richard Weinberg, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S.D.N.Y., Frederick T. Davis, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before KAUFMAN, Chief Judge, MANSFIELD and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

The appellants, Willie Abraham, Erroll Holder, Robert Hoke and Walter Grant, were convicted in 1972 after a six-week jury trial for violations of the narcotics laws, 21 U.S.C. §§ 843, 846, 848. This court affirmed the convictions, *United States v. Sisca,* 503 F.2d 1337 (2d Cir.), *cert. denied,* 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974). Judge Bryan sentenced each appellant to a period of incarceration to be followed by a special parole term.[1] They now seek to vacate their convictions and secure a new trial on the ground that a claimed conflict of interest deprived them of their Sixth Amendment right to effective assistance of counsel, 28 U.S.C. § 2255.

The evidence at trial established that the appellants and others maintained a complex

---

1. Holder and Grant were convicted of conspiracy to distribute hard narcotics, 21 U.S.C. § 846, and using communication facilities in furtherance of the conspiracy, 21 U.S.C. § 843(b), and were sentenced to consecutive terms of fifteen and four years. Hoke was convicted on the conspiracy count only, and was sentenced to fifteen years imprisonment, which was later reduced to ten years to be followed by four years of special parole. Abra-

ham was convicted of conspiracy and use of communication facilities in furtherance thereof, as well as for engaging in a continuing criminal enterprise involving hard narcotics, 21 U.S.C. § 848. He was sentenced to consecutive terms of fifteen and four years on the first two counts, and to a concurrent term of life imprisonment on the last, which subsequently was reduced to twenty years.

network of heroin distribution in New York City, New Jersey and southern Westchester County. The Government offered a number of tape recorded conversations between the appellants that were intercepted under judicially authorized wiretaps. In addition, searches pursuant to warrants uncovered packaging paraphernalia, weapons and quantities of heroin at Grant's and Hoke's residences. Holder was the proprietor of a heroin cutting and packing "mill." Abraham was apprehended after a high speed automobile chase and admitted his involvement in the conspiracy to the authorities. None of the appellants took the stand. A crucial issue on appeal was the Government's failure to minimize the content of conversations overheard through electronic surveillance. Judge Bryan had denied as untimely a motion to suppress based upon failure to minimize that was made on the fifth day of trial, and this court affirmed his finding of a waiver, *United States v. Sisca, supra* at 1346–49.

Appellants Abraham and Holder initiated the instant proceeding by filing § 2255 applications on March 1, 1976. Judge Bonsal conducted a hearing on May 25, after which Hoke and Grant also filed motions to vacate

their sentences.[2] It was established that the law firm of Lanefsky, Gallina, Mass, Berne & Hoffman represented both the appellants and defendants Alphonse Sisca and Margaret Logan at the trial.[3] On November 22, 1972 Judge Bryan, at the Government's insistence, held an evidentiary hearing into the issue of a potential conflict of interest. The Assistant United States Attorney urged that the position of the defendants in the conspiracy's "hierarchy," as well as differences in the quality of evidence against each individual, suggested a possible danger in joint representation. Gino Gallina, apparently lead counsel for his firm, contended that the Government was attempting to fragment the defense and insisted that his clients had been advised of the problems of joint representation and yet decided to remain with the firm.[4] Judge Bryan, not satisfied by counsel's assurances alone, conducted a thorough examination of each defendant on the record in which he explained the seriousness of the charges, the possibility at trial that "the best protection of your interests may be different than the protection of the interests of one or more of your co-defendants who is represented by the same counsel,"[5] and the right of each to separate

---

2. Judge Bonsal found the original hearing evidence "applicable to" the petitions of Grant and Hoke, and declined to order a further hearing.

3. Different individuals within the firm represented the various defendants: Gallina (Sisca), Jeffrey Hoffman (Abraham and Grant), John Kiernan (Hoke), John Pollock (Holder).

4. There was testimony at the hearing before Judge Bonsal that Gallina had discussed the problem of a conflict of interest with the defendants prior to the November 22 hearing, and that John Pollock, an associate in the Gallina firm, had expressed his concerns about joint representation in a meeting with the defendants two or three days before the trial commenced. Pollock also testified that he had drafted a minimization motion prior to trial and handed it to Gallina, who for some undetermined reason failed to file it in a timely manner.

5. The defendants heard Judge Bryan describe the conflict of interest issue to Sisca:

The Court: I have got to tell you Mr. Sisca, that it is sometimes very difficult indeed for a

counsel who represents more than one defendant to take a position or to try a case or to ask questions which may hurt one defendant and not hurt the other which may be prejudicial to one defendant—do you follow me?

Sisca: Yes.

The Court: —because of his concern with the other defendants. I am not casting any aspersion—don't misunderstand me—on Mr. Gallina's honesty or good faith. I am only saying to you that this is a dangerous thing from the standpoint of the individual's rights. You have a perfect right to have any counsel of your own choosing, but you have got to select him with full understanding of the possibilities that may develop.

You heard, for instance, what Mr. McDonald said, the United States Attorney, did you not?

Sisca: Yes.

The Court: You heard him outline something about what may be the proof in this case, what the Government may try to offer. Do you understand the dangers of a conflict of interest here fully?

Sisca: Yes, Your Honor.

counsel. Judge Bryan required each defendant to rise, address the court personally and assure the judge that he understood what was being said. Only after each defendant had so assured the court and unequivocally stated that he wished to remain with "the Gallina firm" did Judge Bryan permit him to make this "free election." Judge Bonsal agreed that the appellants had voluntarily and knowingly chosen to be represented jointly and denied the petitions. This appeal followed.

This court consistently has required a trial judge, when a potential conflict of interest arises, to conduct a hearing to determine whether a conflict exists such as would prevent the accused from receiving advice and assistance sufficient to afford him the quality of representation guaranteed by the Sixth Amendment. We have said that the defendant should be fully apprised by the trial court of the facts underlying the potential conflict, and the defendant should be given the opportunity to express his views. Moreover, it is the rule that an appellant claiming a conflict by counsel must demonstrate some specific instance of prejudice resulting from the joint representation that would warrant vacatur of his conviction. *United States v. Carrigan,* 543 F.2d 1053 (1976).

In the instant case we believe that Judge Bryan's searching inquiry of each appellant adequately supported his finding that the appellants knowingly and voluntarily elected to retain the Gallina firm. Unlike cases in which we have vacated convictions for the judge's failure to conduct an inquiry, *United States v. Carrigan, supra,* or to hold an adequate hearing, *United States v. DeBerry,* 487 F.2d 448 (2d Cir. 1973), Judge Bryan was sensitive to the potential problem here and satisfied himself after careful and explicit questioning that a valid election was being made. Moreover, the appellants present us with no convincing evidence of prejudice from their joint representation. The complex scenario they relate, based upon allegations that the lead counsel wished only to secure an acquittal for Sisca, is wholly devoid of any basis in objective fact, *United States v. Wisniewski,* 478 F.2d 274 (2d Cir. 1973).

Choice of counsel should not be obstructed unnecessarily by the court, *United States v. Sheiner,* 410 F.2d 337 (2d Cir.), *cert. denied,* 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969). We wish to stress, however, that defendants are not entitled to joint representation as a matter of right. If a district judge perceives the strong likelihood of a conflict of interest, he has a duty to assure himself that the accused understands the potential threat to his Sixth Amendment rights, *cf. United States v. Glasser,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). And, in an appropriate case, the court may order that the defendant be represented by independent counsel. *United States v. Bernstein,* 533 F.2d 775, 787–89 (2d Cir. 1976).

Finally, we recognize that in certain instances a judge presented with a motion under 28 U.S.C. § 2255 may dispense with a hearing, *see United States v. Franzese,* 525 F.2d 27 (2d Cir. 1975). Nevertheless, in this case we believe that appellants Grant and Hoke should be afforded the opportunity to demonstrate to Judge Bonsal whether their claims differ so substantially from the others' that they are entitled to a full hearing.

Accordingly, we affirm the order of the district court denying the motions of Abraham and Holder, and remand to the district court with directions to accept an offer of proof from counsel for appellants Grant and Hoke whereupon the district judge can decide whether any new facts have been offered that would warrant a hearing.

---

The Court: And you have considered the whole question of whether you wish to continue with a lawyer who represents a number of other defendants whose interests may specifically or generally be in conflict with your own?

Sisca: Yes, Your Honor.