Mariano SALOMON,
Petitioner-Appellant,

v.

J. Edwin LaVALLEE, Superintendent,
Clinton Correctional Facility,
Respondent-Appellee.

No. 688, Docket 77–2143.

United States Court of Appeals,
Second Circuit.

Argued March 28, 1978.
Decided May 23, 1978.

David Blackstone, New York City, for petitioner-appellant.

Rosalind S. Fink, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of N. Y., Donald Sticklor, Deputy Asst. Atty. Gen., New York City, of counsel), for respondent-appellee.

Before FEINBERG, MANSFIELD and OAKES, Circuit Judges.

FEINBERG, Circuit Judge:

Mariano Salomon appeals from an order of the United States District Court for the Southern District of New York, Milton Pollack, J., denying his petition for a writ of habeas corpus. Salomon, along with co-defendant Victor Colon, was convicted in the state courts in June 1974 of possession and sale of approximately one pound of cocaine, for which he received concurrent sentences of 20 years to life.[1] Salomon claims that his Sixth Amendment right to counsel was infringed at his trial because his lawyer also represented Colon. Because the district judge applied an incorrect burden of proof in reaching his decision, we conclude that we must remand the case for further proceedings.

### I

This appeal has had an extended procedural history. In April 1976, Salomon filed in the federal district court his pro se petition for a writ of habeas corpus, raising the Sixth Amendment claim now before us, along with other issues not now relevant. Judge Pollack denied the writ in July 1976 without an evidentiary hearing, finding that Salomon had failed to show any prejudice arising from the joint representation at the state trial. Salomon thereafter petitioned this court for a certificate of probable cause under 28 U.S.C. § 2253, for leave to proceed in forma pauperis on that appeal, and for assignment of counsel. In March 1977, a panel of this court vacated the judgment of the district court and "remanded for consideration of the question of waiver."

Upon remand, the judge appointed counsel for appellant and held an evidentiary hearing, at which three witnesses testified: Salomon, his trial counsel, and the latter's brother, who had also represented petitioner. In June 1977, Judge Pollack once more denied the writ, finding that

---

1. The conviction was affirmed without opinion, *People v. Salomon*, 50 A.D.2d 1103, 377 N.Y. S.2d 347 (1st Dept. 1975), and leave to appeal to the New York Court of Appeals was denied.

[p]etitioner has failed to demonstrate that the joint representation or his lawyer's trial strategy was conducive to or created or resulted in any conflict of interest or prejudice.

The judge concluded that

Consequently, the question of waiver . . . is not and need not be reached in the circumstances of this case.

Once again appellant moved for a certificate of probable cause, leave to proceed in forma pauperis and assignment of counsel. This relief was granted by the same panel that had earlier remanded the case to the district court, and this appeal followed.

## II

In this court, appellant argues principally that his trial counsel's strategy in representing co-defendant Colon prevented development of a credible defense for appellant, who was thus deprived of his Sixth Amendment right to effective assistance of counsel. To state the argument fully, it is necessary to describe briefly the evidence at the state court trial. The prosecutor introduced proof that an undercover officer arranged the purchase of cocaine in a number of telephone conversations with Colon. The officer then met Colon in a Bronx hardware store, where they waited for appellant, who eventually appeared with a paper bag containing the cocaine. Appellant placed the bag on a stack of boxes and said, "I have nothing to do with this deal. It's just [between] you and him." Colon and the officer then left the store to complete the transaction, and Colon was arrested. Other officers subsequently arrested Salomon in the store.

At trial, neither Colon nor appellant offered any evidence. By cross-examination and summation to the jury, their counsel argued that Colon should be acquitted because he had acted solely as an agent for the undercover officer, who wanted to buy cocaine.[2] The thrust of the defense offered for appellant was that he was an innocent bystander. Counsel stressed appellant's oral disassociation of himself from the deal, his failure to accompany Colon outside to consummate the transaction and his presence in the store, despite an opportunity to flee, when the police broke in. The evidence against both defendants was strong, and the jury returned verdicts of guilty after deliberating for about three hours.

Appellant now urges that his attorney's efforts at dual representation severely prejudiced him. The defense raised for Colon, we are told, all but conceded the guilt of appellant. The argument is that when Colon was characterized as an intermediary for the buyer (the undercover officer) and a drug seller, the jury was invited to conclude that the seller was appellant, who brought the cocaine to the rendezvous. Independent counsel might have contended that, from appellant's perspective, Colon himself was a buyer for whom Salomon was merely serving as courier, and that appellant was therefore entitled to invoke the agent for buyer defense in his own right. But as already indicated, Judge Pollack found that appellant had failed to meet his "burden" of demonstrating "some specific instance of prejudice . . . from the joint representation that would warrant" vacating the conviction.

## III

In a series of cases in this circuit stemming from *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the perils of joint representation for co-defendants at trial have become increasingly clear. See also *Holloway v. Arkansas*, —— U.S. ——, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978).[3] At least two judges of this court

---

**2.** Under New York law, only a seller and those acting for him may be convicted of a narcotics sales charge. See, e. g., *People v. Lindsey*, 16 A.D.2d 865, 228 N.Y.S.2d 427 (2d Dept. 1962), aff'd, 12 N.Y.2d 958, 238 N.Y.S.2d 956, 189 N.E.2d 492 (1963); *People v. Hool*, 46 A.D.2d 912, 363 N.Y.S.2d 12 (2d Dept. 1974). See also

Donnino & Girese, The Agency Defense in Drug Cases, N.Y.L.J., April 27, 1978, at 1, col. 2, and April 28, 1978, at 28, col. 1.

**3.** Both the government and appellant submitted supplementary comments on the relevance of this very recent Supreme Court decision to our

would either forbid such joint representation because of the possibility of conflict of interest, *United States v. Carrigan*, 543 F.2d 1053, 1057–58 (2d Cir. 1976) (Lumbard, *J.*, concurring), or allow it only in "exceptional circumstances," *United States v. Mari*, 526 F.2d 117, 121 (2d Cir. 1975), *cert. denied*, 429 U.S. 941, 97 S.Ct. 359, 50 L.Ed.2d 311 (1976) (Oakes, *J.*, concurring); a third member of the court views joint representation "as something to be frowned upon," *Kaplan v. Bombard*, 573 F.2d 708, 715 (2d Cir. 1978) (concurring opinion of Mansfield, *J.*), a view shared by the writer of this opinion.

■ Nonetheless, as the opinions in *Kaplan v. Bombard, supra*, make manifest, it is still the law in this circuit that

> The mere representation of two or more defendants by a single attorney does not automatically give rise to a constitutional deprivation of counsel. It is settled in this Circuit that some specific instance of prejudice, some real conflict of interest, resulting from a joint representation must be shown to exist before it can be said that an appellant has been denied the effective assistance of counsel.

*Id.; at* 712, quoting *United States v. Carrigan, supra*, 543 F.2d at 1055. However, because of the dangers of joint representation, we have also held that

> the proper course of action for the trial judge is to conduct a hearing to determine whether a conflict exists to the degree that a defendant may be prevented from receiving advice and assistance sufficient to afford him the quality of repre-

sentation guaranteed by the Sixth Amendment. The defendant should be fully advised by the trial court of the facts underlying the potential conflict and be given the opportunity to express his views. *United States v. Mari*, 526 F.2d 117, 119 (2d Cir. 1975); *United States v. DeBerry*, 487 F.2d 448, 453 (2d Cir. 1973); *United States v. Alberti*, 470 F.2d 878, 881 (2d Cir. 1972), cert. denied, 411 U.S. 919, 93 S.Ct. 1557, 36 L.Ed.2d 311 (1973).

*United States v. Carrigan, supra*, 543 F.2d at 1055. This is the view adopted by the Advisory Committee on Criminal Rules, which recently proposed the following amendment to Fed.R.Crim.P. 44:

> Rule 44. *Right to and Assignment of Counsel*
>
> (c) JOINT REPRESENTATION. Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of his right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.[4]

resolution of the instant case. In *Holloway*, the Supreme Court confronted a refusal by a state trial judge to credit pre-trial protests by assigned counsel for joint defendants regarding his inability to proceed in the face of potential conflicts of interest. The attorney was nonetheless required to represent the two defendants, who were convicted by the jury on all counts charged. The Court reversed, concluding that "whenever a trial court improperly requires joint representation over timely objection reversal is automatic." *Holloway v. Arkansas*, supra, —— at ——, 98 S.Ct. at 1181. However, the Court pointedly refrained from commenting on the issues central to this appeal: "how certain the reviewing court must be that the asserted conflict existed, before it will

conclude that the defendants were deprived of their right to the effective assistance of counsel" and "the scope and nature of the affirmative duty of the trial judge to assure that criminal defendants are not deprived of their right to the effective assistance of counsel by joint representation of conflicting interests." At ——, 98 S.Ct. at 1178. We must, therefore, look to our own precedents for guidance on these questions.

4. Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure, Rules Governing Section 2254 Cases in

Likewise, in an opinion postdating the conviction of appellant here, the New York Court of Appeals held that, "when two or more defendants are represented by the same attorney," "[w]hat is required is that . . . the trial court ascertain, on the record, whether each defendant has an awareness of the potential risks involved in that course and has knowingly chosen· it." *People v. Gomberg,* 38 N.Y.2d 307, 313–14, 379 N.Y.S.2d 769, 775, 342 N.E.2d 550, 554 (1975).

■ If there has been such an inquiry, and the defendant has nonetheless proceeded with joint representation, then he bears the burden of showing that prejudice resulted. But if—as occurred in appellant's trial—there is no inquiry, the prosecution must show lack of prejudice. See, e. g., *United States v. DeBerry,* 487 F.2d 448, 453 n.6 (2d Cir. 1973); *United States v. Carrigan, supra,* 543 F.2d at 1056. We recently indicated, without discussion, that this standard should be applied in collateral review of convictions as well as on direct appeal. See *Kaplan v. Bombard, supra,* 573 F.2d at 714 n.7. Judge Pollack, whose decision predated *Kaplan,* clearly believed that the shift in burden of proof to the prosecution was an outgrowth of our supervisory powers, and hence inapplicable to a state prisoner's petition for habeas corpus. Aside from the dictum in *Kaplan v. Bombard, supra,* our research has unearthed no discussions of the issue. We are reluctant to reexamine more thoroughly this difficult question, with its constitutional overtones, absent certainty that the outcome of this case will be affected. We therefore remand for a reconsideration of the issue of prejudice, with the burden this time on the state to show its absence and not, as in the decision appealed from, on appellant to demonstrate its existence. Only if, on remand, Judge Pollack finds that the state cannot show lack of prejudice will the allocation of the burden of proof be rendered significant. If he so concludes, and the state chooses to appeal

from the order of a new trial that must inevitably result, the issue will then be ripe for decision.

Remanded for further proceedings consistent with this opinion.

MANSFIELD, Circuit Judge (concurring in part and dissenting in part):

I concur in Judge Feinberg's opinion except for its remand of the case to the district court to permit the State to assume the burden, pursuant to our decision in *United States v. Carrigan,* 543 F.2d 1053, 1056 (2d Cir. 1976), cited with approval in *Kaplan v. Bombard,* 573 F.2d 708, 714 n.7 (2d Cir. 1978), of proving that petitioner was not prejudiced by the joint representation of himself and Colon. In my view the remand is unnecessary because the record already demonstrates that the State cannot sustain the burden. Accordingly, I would reverse with directions to grant the writ unless the State retries the petitioner within a reasonable period.

By attempting to establish co-defendant Colon's defense that he was acting as an "agent for the buyer" (i. e., for the undercover agent) in negotiating for the purchase of cocaine, which was then delivered by petitioner to Colon and the officer, the joint counsel focused the spotlight upon petitioner as the cocaine supplier or dealer. Had petitioner been independently represented, on the other hand, his counsel could have argued that he was merely acting as an innocent "mule" or courier, or that petitioner was acting as an agent for Colon as the buyer. Such defenses would have been consistent with the other evidence tending to exculpate petitioner, including his statement, made to Colon and the undercover agent at the time of the sale, that he had "nothing to do with this deal. It's just [between] you and him", and petitioner's continued presence in the store when the police entered even though he had had time to flee. However, the joint counsel for petitioner and Colon could hardly portray

the United States District Courts, Rules Governing Section 2255 Proceedings for the United

States District Courts, and Federal Rules of Evidence 82 (1978).

petitioner as an agent for Colon, as the buyer, since this would incriminate Colon and be inconsistent with Colon's defense that he was acting as an agent for the officer. Moreover, in view of the possible inconsistency between petitioner's defense that he was merely an innocent courier and Colon's defense that he was acting as an agent for the buyer, it is unlikely that a joint counsel could present petitioner's defense with the effectiveness of a wholly independent counsel representing petitioner alone.

Under the circumstances, I see no purpose to be served by the remand other than to determine "the precise degree of prejudice sustained . . . [which] is at once difficult and unnecessary". See *Glasser v. United States*, 315 U.S. 60 at 75–76, 62 S.Ct. 457, 467, 86 L.Ed.2d 680 (1942), quoted with approval in *Holloway v. Arkansas*, —— U.S. ——, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Such "nice calculations as to the amount of prejudice" should be avoided. *Glasser v. United States, supra*, at 76, 62 S.Ct. at 467.