**UNITED STATES of America**

v.

**Claude HELTON, Roy Haygood, Maxine Lawrence, Charles McKinney, Richard Helton, Calvin Griffin, Robert Lewis Pinson, Marie Louise Byron, Altagracia Velez, Defendants.**

**No. 79 Crim. 288 (VLB).**

United States District Court, S. D. New York.

June 5, 1979.

---

Robert B. Fiske, Jr., U.S. Atty., Southern District of New York, by Richard Lawler, Asst. U.S. Atty., New York City, for plaintiff.

Jerry Feldman, Goldberger, Feldman & Dubin, New York City, for defendant Claude Helton.

Lawrence Dubin, Goldberger, Feldman & Dubin, New York City, for defendant Richard Helton.

## MEMORANDUM

VINCENT L. BRODERICK, District Judge.

### I

In this action, the government charges all defendants with conspiracy to violate the federal narcotics laws. Various defendants

are also charged with substantive narcotics violations. Trial is scheduled to begin July 9, 1979.

■ The government made a pre-trial motion seeking the disqualification of either Mr. Jerry Feldman or Mr. Lawrence Dubin, defense counsel for Mr. Claude Helton and Mr. Richard Helton, respectively, who are members of the same firm;[1] the government argued that the joint representation by the Feldman-Dubin firm of co-defendants in this case is impermissible because of potential conflicts of interest.

I instructed the government and defense counsel to submit briefs on the issue of joint representation. After receipt of the briefs, I held a hearing on May 31, 1979 with the government, defendants, and defense counsel. At the hearing, the government argued that by the very nature of the charges against the defendants, and the different nature and degree of their alleged involvement in the crimes charged, joint representation of the two defendants will entail conflict of interest. Defense counsel responded that the government's predictions of conflict are unfounded and designed to obstruct defendants' choice of counsel. Defense counsel represented that they had fully advised their clients of potential conflicts, and that their clients wish to proceed with them as counsel and waive any conflict claims.

Claude Helton is charged in six counts of the indictment, with conspiracy to violate the federal narcotics laws, with engagement in a continuing criminal enterprise, and with four counts of distributing and possessing with intent to distribute narcotics. He is characterized in the indictment as the ringleader of the conspiracy.

Richard Helton is charged with conspiracy to violate the federal narcotics laws, and with one count of distributing and possessing with intent to distribute narcotics. Richard Helton is described in the indictment as one of Claude Helton's "lieutenants". Claude and Richard Helton are named together in one of the alleged overt acts of the conspiracy, and in an apparently related substantive count.

Richard Helton is likely to have defenses or defense tactics available to him which are inconsistent with or may undermine defense postures taken by Claude Helton, and vice versa.[2]

The Government represented that the defendants, who are brothers, have very different backgrounds. Claude Helton has previously been convicted of a felony whereas Richard Helton apparently has no convictions. The Government plans to file a second offender information with respect to Claude Helton.

■ On the basis of the above, I found that it was impossible for Claude and Richard Helton to make a knowing and effective and intelligent waiver of their right to effective assistance of counsel. To insure their Sixth Amendment right to effective assistance of counsel, I directed that Claude Helton and Richard Helton be represented by attorneys who are independent of each other.

## II

Analytically, there are three possible approaches to a conflict of interest stemming from joint representation. One is the approach which I have taken in this case.

Another approach is the invocation of a *per se* rule against joint representation of co-defendants in any criminal trial. Al-

---

1. Most cases in this area concern joint representation of co-defendants by one attorney. The same principles apply where the joint representation is by two members of the same firm. *See, e. g., Abraham v. United States*, 549 F.2d 236, 238 n.3 (2d Cir. 1977).

2. Defendants argue that there is no possibility of conflict in this case because the co-defendants are brothers. Defendants assert that their familial relationship precludes any possibility that one would maintain a position which is inconsistent with or might undermine the position of the other. Query, however, whether the existence of familial ties among defendants does not militate in the other direction, toward independent counsel who can take stances independent of family ties in advising their clients?

though defendants, at the May 31 hearing, sought to characterize my ruling as a *per se* rule, that ruling was made in the context of this case and does not operate as or under any *per se* rule.

A third approach is that suggested by defendants, who urged that certain opinions of the Court of Appeals in this Circuit divest the trial court of power to prohibit joint representation of defendants in criminal cases where the defendants, after being advised of the danger of actual and potential conflicts of interests, choose to proceed with jointly retained counsel.[3]

### III

■ The problems associated with joint representation have long been recognized in this Circuit. For that reason, the Court of Appeals has established certain rules with respect to joint representation. Before joint representation can be permitted, the trial court must hold a hearing to ferret out actual and potential conflicts; defendants must satisfy the trial judge that they knowingly and intelligently waive any claims which might arise from counsel's conflict of interest. *In Re Taylor*, 567 F.2d 1183 (2d Cir. 1977). Then, if joint representation does occur, on appeal a conviction will be overturned only if defendant can show prejudice resulting from the joint representation. *Salomon v. LaVallee*, 575 F.2d 1051 (2d Cir. 1978).

Defendants cite to *In Re Taylor*, 567 F.2d 1183, 1191 (2d Cir. 1977) for their argument that the trial court cannot, consistent with the Sixth Amendment, order separate counsel if defendants state that they are aware of possible conflict and yet choose to proceed with the counsel of their choice:

> Once the court is satisfied, however, that such a client knowingly and intelligently wishes to proceed with joint representation, the court's responsibility is met, and

it is without power unilaterally to obstruct the choice of counsel. See *Abraham v. United States*, 549 F.2d 236 (2d Cir. 1976); *United States v. Armedo-Sarmiento*, 524 F.2d 591 (2d Cir. 1975).

Defendants assert that whenever a defendant states that he or she wishes to proceed with joint representation, the court necessarily must be satisfied that the defendant's choice is "knowingly and intelligently" made and must, under the Sixth Amendment, permit the joint representation. That is not so.

■ The Court of Appeals recognized in *In Re Taylor*, *supra*, 567 F.2d at 1186, that defendants do not have a Sixth Amendment claim to joint representation:

> Although two or more defendants are not entitled to have the same lawyer as a matter of right, *Abraham v. United States*, supra, . . . each suspect or accused may knowingly and intelligently waive any claims which might arise from counsel's conflict of interest. *United States v. Armedo-Sarmiento*, 524 F.2d 591 (2d Cir. 1975).

In *Abraham v. United States*, 549 F.2d 236 (2d Cir. 1976), the Court held that defendants had knowingly and intelligently waived any claims from conflict of interest by their attorney. The Court pointed out that while choice of counsel should not be unnecessarily obstructed by the trial court, in an appropriate case the trial court can preclude joint representation despite defendants' choice to proceed with joint representation.

> Choice of counsel should not be obstructed unnecessarily by the court. We wish to stress, however, that defendants are not entitled to joint representation as a matter of right. If a district judge perceives the strong likelihood of a conflict of interest, he has a duty to assure himself that the accused understands the

---

3. At the May 31 hearing I heard from the government and defense counsel. I did not receive statements from defendants themselves as to their understanding of potential conflict and their choice to retain counsel because I found on the facts of this case that defendants

cannot "knowingly and intelligently" choose to retain joint counsel. *See* Section III, *infra*.

The defendants and the Government requested that the briefs they filed on this matter be deemed a part of the record. They will be so deemed.

potential threat to his Sixth Amendment rights. And, in an appropriate case, the court may order that the defendant be represented by independent counsel.

*Id.*, 549 F.2d at 239 [citations omitted].

█ Thus in an appropriate case the trial court may find, as I have found, that defendants cannot "knowingly and intelligently [wish] to proceed with joint representation." Such a finding may be indicated 1) where, as in this case, the indicia of conflict are too strong at the threshold to permit a knowing and intelligent choice of joint representation; 2) where important "knowledge" indicating the ineffectiveness for at least one of the defendants of joint representation is likely to surface at trial despite its absence as of the hearing date,[4] or 3) where there is a combination of the two.

█ The approach taken by me affords fairness to the defendants, insures the integrity of the trial process, and comports with Sixth Amendment law in this area. It is consistent with the policy of the Code of Professional Responsibility, to the effect that joint representation should not occur unless it is *obvious* that defendants will receive adequate representation.

> [A] lawyer may represent multiple clients if *it is obvious that he can adequately represent the interest of each* and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each. Disciplinary Rule 5–105(C) [Emphasis supplied].

It does not mandate that joint representation will always be disallowed. There may be cases, albeit difficult to foresee, where special circumstances indicate that joint representation is proper. This approach also forecloses the danger of automatic joint representation whenever defendants express their wish for it, despite the presence of actual or potential conflicts which, in the sensitive judgment of the trial judge, threaten a fair trial.[5]

---

**4.** *See United States v. DeFillipo*, 590 F.2d 1228, 1238 (2d Cir. 1979), "[C]onflicts can arise that no one can anticipate, . . . when a defendant takes the stand to testify."

**5.** *See also* Rule 44(c), Fed.R.Cr.P. as amended, effective August 1, 1979:

> (c) Joint representation—Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of his right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.