UNITED STATES of America

v.

J. TREFFILETTI & SONS, a partnership, and Carmen D. Treffiletti, Anthony J. Treffiletti, and Joseph A. Treffiletti, individuals, Defendants.

No. 80–CR–4.

United States District Court, N. D. New York.

June 20, 1980.

George H. Lowe, U. S. Atty., N. D. N. Y., Albany, N. Y.; Rosalind Avnet Lazarus, Lawrence G. McDade, Attys., Consumer Affairs Section, Antitrust Div., U. S. Dept. of Justice, Washington, D. C., for U. S.; David R. Homer, Asst. U. S. Atty., Albany, N. Y., Nancy L. Buc, Chief Counsel, David G. Adams, Ann H. Wion, Food and Drug Administration, Rockville, Md., of counsel.

J. Richard Williams, P. C., Albany, N. Y., for defendants J. Treffiletti & Sons, a part-

nership Carmen D. Treffiletti, Anthony J. Treffiletti; Thomas P. O'Sullivan, Asst. U. S. Atty., Albany, N. Y., of counsel.

Douglas P. Rutnik, Albany, N. Y., for defendant Joseph A. Treffiletti.

JAMES T. FOLEY, Senior District Judge.

MEMORANDUM–DECISION and ORDER

The defendants are charged in a ten–count indictment with holding food for sale after shipment in interstate commerce that became adulterated within the meaning of Title 21 U.S.C. § 342(a)(4) in violation of Title 21 U.S.C. §§ 331(k) and 333(a). The essence of the charges, all misdemeanors, is that the food was held under unsanitary conditions in a building accessible to rodents whereby it may have become contaminated with filth.

The defendants are the Treffiletti partnership; two of the partners who are brothers, Carmen and Anthony; and their nephew, Joseph, who is an employee in the operation of their food storage warehouse in the City of Albany. A third partner is not charged. Attorneys Williams and O'Sullivan originally represented the four defendants, but in open court on May 5, 1980, pursuant to the ruling in *Colon v. Fogg*, 603 F.2d 403, 407 (2d Cir. 1979), the defendants were advised by the Court of their right to have independent and separate counsel. Joseph Treffiletti stated he would retain his own attorney, Douglas P. Rutnick, 112 State Street, Albany, New York. The other defendants waived the right to have separate counsel and stated they would continue with their counsel, Attorneys Williams and O'Sullivan. This representation was agreed upon and permitted by the Court.

The original attorneys for the four defendants have filed an unusual array of motions. An Omnibus Motion containing eight separate motions was filed. A substantial separate motion with great detail was filed for a Bill of Particulars. Another separate motion was filed to dismiss the indictment against the defendants on a great number of stated grounds. The motions thus described are voluminous in their wording, repetitions in several instances, and have interspersed throughout the great variety of contentions, numerous references to case law with excerpts therefrom.

■ To this substantial submission of motion papers in a criminal case involving misdemeanor charges, the government has filed persuasive and detailed Responses to each of the motions with a List of Exhibits. These responses are keyed in helpful fashion into the numbers and letters set forth in the defense motions. After review of all the papers and the statutory and case law recited, it is my judgment that except for the discovery and pretrial conference motions, there is no merit or substance in the other motions. A reading of the case law cited by the government in its specific responses convinces me that the case law referred to and cited by the government is the controlling case law that refutes the contentions of the defendants in their motions. That case law and statutes in the responses of the government that are filed with the Clerk are incorporated herein by reference. It is also my judgment that the statutory interpretations urged by the defendants are not acceptable under settled law. From my review, I am satisfied that in the routine inspections and investigations of a food warehouse, the partnership and the individuals were accorded due process and there was no overreaching or unfairness or violation of their constitutional rights. The statutes upon which the indictments are based are old in the law and not vague and unconstitutional. The government has provided extensive discovery of many records, documents and administrative regulations that is adequate and more than would be required.

■ The extensive motions present only several issues worthy of general and brief discussion. A partnership may be charged with federal statutory violations apart from the participation and knowledge of the partners as individuals. *United States v. A & P Trucking Co.*, 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165 (1958); *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40

**56**

L.Ed.2d 678 (1974); *see also United States v. Park*, 421 U.S. 658, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975). The statute, Title 21 U.S.C. § 331(k), prohibits food being held in unsanitary conditions, where food may become contaminated, and the purpose of the statute is to safeguard the consumer from the time the food is introduced in interstate commerce and delivered to the ultimate consumer. *United States v. Wiesenfeld Warehouse Co.*, 376 U.S. 86, 91–92, 84 S.Ct. 559, 563, 11 L.Ed.2d 536 (1964). A person in position of sufficient authority can be held responsible for violations, and the statute dispenses with the conventional requirement for criminal conduct–awareness of wrongdoing. *United States v. Dotterweich*, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943); *United States v. H. B. Gregory Co.*, 502 F.2d 700 (7th Cir. 1974), *cert. den.*, 422 U.S. 1007, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975); *United States v. New England Grocers Supply Co.*, 488 F.Supp. 230 (D.C.Mass. 1980).

 The scrutiny of a court in rela-. tion to Grand Jury process is not triggered by unsubstantiated and speculative assertions of impropriety. *United States v. Rubin*, 559 F.2d 975 (5th Cir. 1977); There is no obligation on the part of the government to reply to such unsupported assertions. *In re Millow*, 529 F.2d 770 (2d Cir. 1976). There is no obligation to present exculpatory evidence to a Grand Jury. *United States v. Kennedy*, 564 F.2d 1329 (9th Cir. 1977). There is no showing of any substantiated or particularized need or compelling necessity to breach the secrecy of the Grand Jury proceedings. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); *United States v. Sobotka*, 623 F.2d 764 (2d Cir. 1980). Defense access to Grand Jury minutes will be provided at the proper time pursuant to Title 18 U.S.C. § 3500(a) and (b). The ten counts in the indictment are detailed, and aver sufficiently the elements in support of the offenses charged, inform the defendants fairly of ·the charges, and follow the language of the statute. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States*

*v. Trotta*, 525 F.2d 1096 (2d Cir. 1975). A hearing is not required before the referral of a matter such as this one to the Department of Justice. *Ewing v. Mytinger & Casselberry*, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950). The Administrative Procedure Act does not apply in this criminal prosecution based upon the return of an indictment by a Grand Jury. The situation is by no means an extraordinary or unique one. ˙ A routine inspection and investigation took place, and a government agency with the responsibility in that area referred the facts to˙ the United States Attorney for evaluation, with the result the determination was made to present the case to a Grand Jury.

 There is no multiplicity inasmuch as the counts charge different offenses. *Amer v. United States*, 367 F.2d 803, 805 (8th Cir. 1966). The charges in each count assert only one offense and are not duplicitous. The charges that have to be proven beyond a reasonable doubt involve different food products, labeled differently, manufactured in different cities and shipped to the defendants on different dates. There is not sufficient showing to sever the trial of the partnership from the individual defendants, and ·the trial of Joseph Treffiletti from the other three defendants. There is not evident any prejudice that will arise during a joint trial that is always favored, when proper, in the interests of justice. *United States v. Borelli*, 435 F.2d 500 (2d Cir. 1970), *cert. den.*, 401 U.S. 946, 91 S.Ct. 963, 28 L.Ed.2d 229 (1971); *United States v. Werner*, 620 F.2d 922 (2d Cir. 1980).

 The principles of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), are not applicable. It is clear from the affidavits submitted that the business records were voluntarily turned over. *See United States v. Arnold's Pharmacy*, 116 F.Supp. 310 (D.N.J.1953). The procedural steps of Title 21 U.S.C. § 321(y) do not apply in these circumstances concerned with the adulteration of food. The record indicates that the applicable statutory pro-

visions, and the regulations were followed. Other statutory provisions referred to by the defendants are not applicable. The subpoena for the production of documents under Title 21 U.S.C. § 321(y)(5) is unnecessary and unwarranted.

The motions are all denied and dismissed, except the portion of the omnibus motion seeking discovery is granted only to the limited extent furnished, and agreed to be furnished by the government, and for a pretrial conference, several of which have been held.

The attorneys are now directed to prepare immediately for the trial of this case. The Court is still engaged in a lengthy criminal trial that will last until the end of June or the first part of July. The trial of this case will follow thereafter in the main courtroom in Albany, and the attorneys shall be ready upon two days notice to proceed to trial.

It is so Ordered.