**UNITED STATES of America,**

v.

**Fredrick J. DICKSON et al., Defendants.**

**No. 80 Cr. 0826 (KTD).**

United States District Court,
S. D. New York.

Feb. 11, 1981.

and ten other individuals with conspiracy to violate federal commodities laws. Various defendants are also charged with substantive violations of the commodities and income tax laws.

The government seeks to disqualify Mr. Dickson's retained counsel, Mr. Robert Fink, on the grounds that Mr. Fink had represented at the grand jury proceeding certain of Mr. Dickson's co-defendants and other individuals whom the government planned to use as witnesses.

On February 3, 1981, I held a hearing with the government and Mr. Fink. At the hearing, the government informed the court that during the grand jury's investigation Mr. Fink represented six subjects of the investigation. Four of these individuals, including Mr. Dickson, were ultimately indicted. Of the two individuals who were not indicted one will definitely be called as a government witness at trial. The other three individuals may testify at trial on their own behalf and may incriminate Mr. Dickson.

The government argues that because Mr. Fink represented an individual who will be a witness for the government at trial he will not be able to adequately represent Mr. Dickson. Specifically, the government alleges that Mr. Fink will be impeded in vigorously confronting and cross-examining these witnesses on behalf of Mr. Dickson due to the constraints imposed on him by the attorney-client privilege.

Mr. Fink, however, does not believe that he will be hampered in any way by the fact that he cannot cross examine his previous clients about matters protected by the attorney-client privilege.[1] He argues that he is in no worse a position than if he had never represented them. He also asserts that his representation of the New York

John S. Martin, Jr., U. S. Atty., New York City, for plaintiff; Robert N. Shwartz, Asst. U. S. Atty., New York City, of counsel.

Kostelanetz & Ritholz, New York City, for defendant Dickson; Robert S. Fink, New York City, of counsel.

*Memorandum & Order*

KEVIN THOMAS DUFFY, District Judge:

On December 29, 1980, the grand jury returned an indictment charging Dickson

---

1. Mr. Fink cites *United States v. Armedo-Sarmiento*, 524 F.2d 591 (2d Cir. 1975), for the proposition that he should not be disqualified. That case, however, may be distinguished on its facts from the case at bar. In *Armedo-Sarmiento*, the law firm had represented in *other* criminal cases individuals whom the government planned to call as witnesses. The risk of prejudice is much stronger in the instant case where Mr. Fink represented co-defendants and potential government witnesses in proceedings directly related to the case against his client. Further, the court did not discuss the district court's duties where a determination is made that a defendant is unable to make a knowing and intelligent waiver.

Cotton Exchange was merely ministerial in nature.[2]

 The Sixth Amendment guarantees each defendant the "assistance of counsel for his defense." Of course, a defendant may waive his right to effective assistance of counsel and confrontation of witnesses, just as he may knowingly and intelligently waive any constitutional right. *Abraham v. United States*, 549 F.2d 236 (2d Cir. 1977).

A trial judge, however, may find that the likelihood of prejudice is so strong that a knowing and intelligent waiver cannot be made. *Id.* The judge may also find that the waiver cannot be intelligently made before trial simply because the judge is not in a position to inform the defendant of the foreseeable prejudices that representation by a certain attorney may involve. *United States v. Dolan*, 570 F.2d 1177 (3d Cir. 1978).

 Both problems arise in this case. In view of Mr. Fink's divided loyalties, there is a strong likelihood of prejudice to Mr. Dickson's interests. It is also impossible to predict and adequately apprise Mr. Dickson of every possible prejudice that may arise from a waiver of his Sixth Amendment rights. I find, therefore, that it is impossible for Mr. Dickson to knowingly and intelligently waive his right to effective assistance of counsel. Accordingly, Mr. Fink is disqualified from serving as Mr. Dickson's attorney in this case.

SO ORDERED.

---

**2.** Mr. Fink evidently arranged for the orderly production of certain New York Cotton Ex- change records kept in the ordinary course of business.