524 F.2d 591
 UNITED STATES of America, Appellee,
v.
Francisco Adriano ARMEDO-SARMIENTO, a/k/a Eduardo Sanchez,
a/k/a Pacho El Mono, a/k/a Elkin, a/k/a Francisco
Vele and Libardo Gill, a/k/a Ramiro
Estrada, Defendants-Appellants.
 No. 384, Docket 75-1329.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 30, 1975.
Decided Oct. 10, 1975.
 
 Herbert S. Kassner, New York City (Kassner & Detsky and Paul E. Warburgh, Jr., New York City, on the brief), for defendants-appellants.
 Michael Q. Carey, Asst. U. S. Atty., S.D.N.Y. (Paul J. Curran, U. S. Atty., and John D. Gordan, III, Asst. U. S. Atty., S.D.N.Y., on the brief), for appellee.
 Before MEDINA, ANDERSON and VAN GRAAFEILAND, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Francisco Adriano Armedo-Sarmiento and Libardo Gill were indicted (along with 36 others) for conspiring to import and distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 963. The Government moved to disqualify Armedo and Gill's retained counsel, the firm of Kassner & Detsky, on the grounds that the law firm had previously, in criminal cases, represented three individuals whom the Government planned to use as witnesses. At a hearing before the trial judge, two of these witnesses had indicated that they were unwilling to waive their attorney-client privileges with respect to confidential communications with Kassner & Detsky that the latter might use in cross-examining them at the Armedo-Gill trial.
 
 
 2
 After receiving oral and written arguments, the district court ordered Kassner & Detsky disqualified, holding that "an attorney will be disqualified from representing a criminal defendant in a case in which a former client, whom the attorney previously represented in a substantially-related criminal proceeding, is an important adverse witness who refuses to waive the attorney-client privilege." Defense counsel specifically requested that the district court give Armedo and Gill the opportunity to retain Kassner & Detsky despite the attorneys' apparent conflict of interest, but the district court refused to do so.
 
 
 3
 We are mindful of the factors on which the court below based its decision, including in particular the witnesses' interests in preserving the confidentiality of their privileged communications, but the district court did not give sufficient weight to the appellants' rights. Although the right to an attorney of one's choosing is not unlimited, the Sixth Amendment does give some protection to a criminal defendant's selection of retained counsel. See United States v. Wisniewski, 478 F.2d 274, 285 (2 Cir. 1973); United States v. Sheiner, 410 F.2d 337, 342 (2 Cir.), cert. denied, 396 U.S. 825, 90 S.Ct. 68, 24 L.Ed.2d 76 (1969); United States ex rel. Davis v. McMann, 386 F.2d 611, 618 (2 Cir. 1967), cert. denied, 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153 (1968). Cf. Faretta v. California, --- U.S. ---, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), holding that there is a constitutional right to proceed pro se, and observing that the right to manage one's own defense is at the heart of the Sixth Amendment's guarantees. Of course, a defense counsel's conflict of interests may impair his effectiveness in assisting his client, or in confronting witnesses on behalf of his client. The client, however, may waive his Sixth Amendment rights to effective assistance of counsel and to confrontation of witnesses, just as he may knowingly and intelligently waive any constitutional right. See Faretta v. California, supra, 95 S.Ct. at 2541; Glasser v. United States, 315 U.S. 60, 70-71, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). As the Fifth Circuit recently stated in a well-reasoned opinion on facts similar to those in this case, a defendant "may waive the right to have (his) retained counsel free from conflicts of interest." United States v. Garcia, 517 F.2d 272, 277 (5 Cir. 1975). Here, the district court did not even give Armedo and Gill the opportunity to elect to retain Kassner & Detsky as their attorneys, and to make a knowing and intelligent waiver of those rights which might be affected by the attorneys' conflict of interests.
 
 
 4
 This Circuit has, in civil cases, frequently stressed the responsibility of the district courts and the bar to avoid situations in which attorneys' conflicts of interest may endanger the confidentiality of clients' privileged communications, as well as cast public doubt on the ethics of the legal profession and the integrity of the judicial process. See, e. g., Hull v. Celanese Corp., 513 F.2d 568 (2 Cir. 1975); Ceramco, Inc. v. Lee Pharmaceuticals, 510 F.2d 268 (2 Cir. 1975); General Motors Corp. v. City of New York, 501 F.2d 639 (2 Cir. 1974); Emle Indus., Inc. v. Patentex, Inc., 478 F.2d 562 (2 Cir. 1973). Because these civil cases do not involve the crucial factor of the criminal defendant's Sixth Amendment rights, however, they are not controlling in the present case.
 
 
 5
 The disqualification order is, therefore, reversed and the case remanded to the district court, with directions to give Armedo and Gill the opportunity to elect to proceed with Kassner & Detsky as counsel, and to thereby make a knowing and intelligent waiver of any claims which might arise from their attorneys' conflict of interests. The district judge should fully explain to Armedo and Gill the nature of the conflict, the disabilities which it may place on Kassner & Detsky in their conduct of appellants' defense, and the nature of the potential claims which appellants will be waiving should they choose to proceed with these attorneys. If the appellants do elect to proceed with Kassner & Detsky as their attorneys, it is to be understood that the witnesses will be entitled to full protection in preserving the confidentiality of their privileged communications with these attorneys, and they may refrain from answering any questions from Kassner & Detsky which are based on privileged communication. Moreover, the trial judge will, in his conduct of the trial, exert every reasonable effort to prevent inadvertent disclosures of confidential information.