Willie ABRAHAM, Petitioner,

v.

UNITED STATES of America, Respondent.

Erroll HOLDER, Petitioner,

v.

UNITED STATES of America, Respondent.

Robert HOKE, Petitioner,

v.

UNITED STATES of America, Respondent.

Walter GRANT, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 76 Civ. 978, 76 Civ. 1424, 76 Civ. 2597 and 76 Civ. 2598.

United States District Court, S. D. New York.

Sept. 13, 1976.

54

Allan M. Palmer, Washington, D.C., for petitioner Abraham; Morton Katz, New York City, of counsel.

Alvin Geller, New York City, for petitioner Holder.

Robert Hoke, pro se.

Walter Grant, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for United States; Richard Weinberg, W. Cullen MacDonald, Asst. U. S. Attys., New York City, of counsel.

MEMORANDUM

BONSAL, District Judge.

On October 16, 1972, Indictment 72 Cr. 1159 was filed in the Southern District of New York charging petitioners Willie Abraham, Erroll Holder, Walter Grant, Robert Hoke and fourteen others with conspiracy to violate the federal narcotics laws, with use of the telephone to further such violations, and charging Willie Abraham with managing a continuing narcotics enterprise in violation of Title 21, United States Code, Sections 846, 843(b) and 848, respectively. Following a six-week jury trial before Judge Bryan, and guilty verdicts as to all petitioners on the conspiracy count, as to all petitioners except Hoke on the use of the telephone to further the conspiracy, and as to Abraham on engaging in a continuing criminal enterprise, the petitioners were sentenced by Judge Bryan on June 26, 1973. On May 10, 1974, the Court of Appeals affirmed the judgments of conviction on all counts and a petition for writ of certiorari to the United States Supreme Court was thereafter denied. *United States v. Sisca*, 503 F.2d 1337 (2d Cir.), *cert. denied*, 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974).

Petitioners now move pursuant to 28 U.S.C. § 2255 for an order vacating the sentences and granting a new trial on the grounds that they were denied effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution.

At the trial, petitioners and two other defendants, Alphonse Sisca and Margaret Logan, were represented jointly by the law firm of Lenefsky, Gallina, Mass, Berne and Hoffman (hereinafter referred to as the "Gallina" firm). Specifically, Abraham, Logan, and Grant were represented by Mr. Jeffrey Hoffman, Holder by Mr. John Pollok, Hoke by Mr. Robert Kiernan, and Sisca by Mr. Gino Gallina.[1]

---

1. On appeal, Abraham, Grant and Logan were represented by Mr. Henry J. Boitel; Holder by Mr. John L. Pollok, formerly of the Gallina firm; Hoke by Mr. Robert Kiernan; and Sisca by Mr. Gino Gallina.

Petitioners contend that this multiple representation created a conflict of interest which prejudiced them because counsel failed to file a pretrial minimization motion to suppress wiretap evidence, allegedly for the reason that the evidence was beneficial to defendant Alphonse Sisca. Petitioners contend that they were not made aware of what a conflict of interest was, how it might arise in the case, or how it could lead to a bad defense. Petitioners also contend that they should have been given the opportunity to confer or consult with outside counsel prior to the conflict of interest hearing before Judge Bryan on November 22, 1972.

By Notice of Hearing dated April 15, 1976, the Court ordered an evidentiary hearing pursuant to 28 U.S.C. § 2255 on the conflict of interest issue raised by petitioners Abraham and Holder. Following the hearing on May 25, 1976, petitioners Hoke and Grant, on June 14, 1976, filed similar motions to vacate their sentences. Since the Court finds the evidence produced at the May 25, 1976 hearing is applicable to the issues raised in the Hoke and Grant motions, a new evidentiary hearing will not be ordered and all four motions will be considered together.

### Pre-Trial Hearing

On November 22, 1972, before the trial, Judge Bryan conducted a hearing on the Government's motion for an order resolving possible conflicts of interest arising from the multiple representation of the defendants by the Gallina law firm. During this hearing, at which petitioners were represented by Mr. Gino Gallina a member of the Gallina firm, the Court apprised each defendant ". . . of the possibility of a situation developing during the trial in which the best protection of your interests may be different from the protection of the interests of one or more of your co-defendants who is represented by the same counsel." *United States v. Sisca, et al.*, 72 Cr. 1159 (Transcript of hearing conducted November 22, 1972 at 25) (hereinafter, Tr. 11/22/72).

Following the specific inquiries by the Court as to each defendant's understanding of the possible conflicts of interest, and after apprising the defendants of their right to have counsel of their own choosing, including separate and individual counsel, the Court concluded that each defendant had made a deliberate election of the Gallina firm in conformity with the holding of *United States v. Sheiner*, 410 F.2d 337 (2d Cir.), *cert. denied*, 396 U.S. 825, 90 S.Ct. 68, 24 L.Ed.2d 76 (1969). (Tr. 11/22/72 at 41).

From the transcribed record of the November 22, 1972 hearing, it appears that petitioners were informed of the conflict of interest arising from the multiple representation and that they each made a considered choice to continue with the Gallina firm as their counsel. Moreover, it appears that the trial court took steps to insure that petitioners were apprised of their right to be represented by individual counsel (Tr. 11/22/72 at 24–31) and that the Court found each petitioner had voluntarily waived his right to be represented by individual counsel.

Indeed, the trial court cautioned the petitioners about retaining counsel from the same firm by stating:

"I am going to say this to each of the defendants: I want you to understand that by taking the position that you do this morning, that you want to continue with the Gallina firm representing all six of you, despite what we talked about here earlier, that you are doing this for good. You are committing yourselves now and you are never going to be able to raise this question on appeal or any other time if something develops during the trial that is unfavorable to you. You have elected to keep the Gallina firm; do you understand that?" (Tr. 11/22/72 at 35–36).

The trial court then found,

". . . that what I am going to do is to resolve the question before me this morning upon the basis that each of these defendants has freely exercised his or her choice of counsel and with full realization of the possibilities or, indeed, the proba-

bilities that some conflict of interest may develop, they have· elected to continue to have Mr. Gallina's firm represent them. The only thing I can do with such a free election is to recognize their right to make such a free choice and I will permit them to do so." (Tr. 11/22/72 at 43).

The trial court, throughout this pre-trial hearing, was following this Circuit's ruling in *United States v. Sheiner, supra,* and, as such, the Court reasoned that petitioners' choice of counsel should not be disturbed. *See United States v. Armone,* 363 F.2d 385, 405–06 (2d Cir.), *cert. denied,* 385 U.S. 957, 87 S.Ct. 398, 17 L.Ed.2d 303 (1966); *United States ex rel. Davis v. McMann,* 386 F.2d 611 (2d Cir. 1967), *cert. denied,* 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153 (1968).

### Claims of Prejudice

As to petitioners' claim of prejudice, the trial court held a post-conviction evidentiary hearing on several motions made during the trial to suppress wiretap evidence on the grounds the Government had failed to minimize the interception of communications not subject to interception. In a published opinion, *United States v. Sisca,* 361 F.Supp. 735 (S.D.N.Y.1973), Judge Bryan found that the defendants had failed to comply with the time requirements of the statute relating to suppression motions of wiretap evidence (18 U.S.C. § 2518(10)(a) ) and had waived any right to make such motions after trial had commenced since there was ample time for such motions during the pre-trial discovery.

Judge Bryan's findings were later affirmed by the Court of Appeals in *United States v. Sisca,* 503 F.2d 1337 (2d Cir.), *cert. denied,* 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974), ". . . on the ground that appellants waived their right to challenge the admissibility of the wiretap evidence by deliberately refusing· to raise the failure to minimize claim in a pretrial motion." *Id.* at 1347.

The Court of Appeals also held that:

". . . appellants, by ignoring the district court's explicit directive to make their minimization motions before trial, elected to pursue a trial strategy of intentional relinquishment of a known right and the deliberate by-pass of the · orderly and timely suppression procedure provided by Section 2518(10)(a). In doing so, they waived their right thereafter to challenge the admissibility of the wiretap evidence. *Cf. Kaufman v. United States,* 394 U.S. 217, 227 n.8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1970); *Henry v. Mississippi,* 379 U.S. 443, 450–51, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); *Fay v. Noia,* 372 U.S. 391, 438–39, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963)." *Id.* at 1349.

### The May 25, 1976 Hearing

At the evidentiary hearing on May 25, 1976, Mr. Gino Gallina testified that he had several conferences with the petitioners prior to trial, that the subject of conflict of interest and joint representation was discussed more than once, and that he met with the petitioners on the morning of November 22, 1972, prior to the hearing before Judge Bryan, and that he discussed conflict of interest and joint representation. (Transcript of hearing conducted May 25, 1976 at 106–112; 133–34) (hereinafter Tr. 5/25/76). Mr. Gallina also testified that he represented Mr. Alphonse Sisca at trial (Tr. 5/25/76 at 112), and that he represented all the petitioners at the hearing on November 22, 1972 because he was the one attorney in the firm who was free that morning. (Tr. 5/25/76 at 133–34).

Petitioners Abraham and Holder testified that they, along with petitioners Grant and Hoke, attended a meeting with Mr. Gallina on the morning of November 22, 1972 at which time Mr. Gallina informed them of a hearing to be held later that morning on the Government's motion for a hearing to resolve possible conflict of interest questions. (Tr. 5/25/76 at 26–28; 48–49).[2]

---

**2.** Mr. John L. Pollok testified at the May 25, 1976 hearing that he discussed the subject of joint representation and conflict of interest

with petitioners Holder, Grant and Hoke, among others, approximately two or three days prior to trial and that all three petitioners indi-

Under the Sixth Amendment's guarantee of the right to assistance of counsel in criminal cases, petitioners are entitled to representation free from conflicting interests. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Indeed, where the trial court becomes aware of a potential conflict of interest, it should:

". . . conduct a hearing to determine whether there exists a conflict of interest with regard to defendant's counsel such that the defendant will be prevented from receiving advice and assistance sufficient to afford him the quality of representation guaranteed by the sixth amendment. In addition, the trial judge should see that the defendant is fully advised of the facts underlying the potential conflict and is given an opportunity to express his or her views." *United States v. Alberti*, 470 F.2d 878, 881–82 (2d Cir. 1972), *cert. denied*, 411 U.S. 919, 93 S.Ct. 1557, 36 L.Ed.2d 311 (1973).

This is precisely what Judge Bryan did on November 22, 1972.

On the other hand, the Sixth Amendment also gives protection to a defendant's selection of retained counsel, *United States v. Armedo-Sarmiento*, 524 F.2d 591–92 (2d Cir. 1975); *United States v. Wisniewski*, 478 F.2d 274 (2d Cir. 1973); *United States v. Sheiner*, 410 F.2d 337 (2d Cir.), *cert. denied*, 396 U.S. 825, 90 S.Ct. 68, 24 L.Ed.2d 76 (1969); *United States ex rel. Davis v. McMann*, 386 F.2d 611 (2d Cir. 1967), *cert. denied*, 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153 (1968), and, indeed, ". . . the right to manage one's own defense is at the heart of the Sixth Amendment's guarantees." *United States v. Armedo-Sarmiento, supra* at 592, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

Here, the trial court, at the request of the Government, conducted a hearing within the guidelines of *United States v. Sheiner, supra*, and *United States v. DeBer-*

ry, 487 F.2d 448 (2d Cir. 1973) to determine whether defendants understood the possibility, and, in fact, the probability of a conflict of interest arising out of joint representation, and the right of each defendant to be represented by individual counsel of his own choosing. Only after the trial court had questioned each defendant individually at some length did the court conclude that the defendants had elected to continue with the Gallina firm as retained counsel. (Tr. 11/22/72 at 43).

On the record produced at the November 22, 1972 conflict of interest hearing and at the evidentiary hearing on May 25, 1976, the Court finds that petitioners elected to continue with members of the Gallina firm as their counsel at trial and that in doing so they were knowingly exercising a right guaranteed to them by the Sixth Amendment. *See United States ex rel. Davis v. McMann, supra; United States v. Armone*, 363 F.2d 385, 405–06 (2d Cir.), *cert. denied*, 385 U.S. 957, 87 S.Ct. 398, 17 L.Ed.2d 303 (1966). It appears that the trial court carefully questioned each petitioner as to his desire to continue with the Gallina firm after pointing out the possibilities of conflicts of interest and that, under the circumstances, the trial court protected petitioners' constitutional rights to effective assistance of counsel.

As to the alleged claims of prejudice arising from the failure to file a timely minimization motion, the Court finds that this issue was fully explored on appeal, *United States v. Sisca*, 503 F.2d 1337 (2d Cir.), *cert. denied*, 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974), that the decision not to file a pre-trial minimization motion was a deliberate trial tactic, and that further discussion of this issue is not warranted here.

Accordingly, the Court denies petitioners' motions to vacate their sentences and/or grant a new trial.

It is so ordered.

cated that they understood about the conflict of interest but still wanted to continue with the Gallina firm. (Tr. 5/25/76 at 77–78, 80).