405 So.2d 283 (1981)
Rafael DeArce, Petitioner,
v.
STATE of Florida, Respondent.
No. AB-312.
District Court of Appeal of Florida, First District.
October 29, 1981.
*284 Judith J. Dougherty of Law Offices of John A. Barley, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., Tallahassee, for respondent.
Douglas L. Stowell of Stowell & Mang, Tallahassee, for respondent, Donald Gillett.
PER CURIAM.
Petitioner/defendant seeks review of an order of the trial court which disqualifies his attorney, Ms. Dougherty, from further representing him in this criminal case. We find that the order violates the essential requirements of law, that there will be no adequate remedy on appeal, and grant certiorari.
Petitioner was charged, along with nineteen co-defendants, with possession of more than 2,000 pounds of cannabis and conspiracy to possess more than 2,000 pounds of cannabis. He was arraigned in December, 1980, with trial scheduled for the end of February, 1981. A week before the scheduled trial, petitioner filed a request for the court to determine whether his counsel had a conflict of interest.
A hearing was held where interested persons could raise any conflict of interest objections they might wish to assert. The State and former co-defendants, Hassing and Gillett, who had cooperated with the State and were going to be state witnesses against petitioner, objected to Dougherty being permitted to represent petitioner. They argued that Dougherty should be disqualified due to the confidential relationship that existed between Dougherty and three State witnesses: Fahrney, Hassing and Gillett.
The alleged conflict with Fahrney is that Dougherty, while with the public defender's office, represented Fahrney at the hearing where he plead guilty.
As to Hassing, it was alleged that Hassing was represented by attorney Corrigan, who was John Barley's partner when Hassing became his client. Dougherty is now in John Barley's firm.
The alleged conflict with Gillett is more complex. Gillett stated that he was represented by attorney Haggard, who also represented four other co-defendants. Joe Aloi was employed by Haggard to investigate the case. Aloi was also employed at the public defender's office when Dougherty was there and has been employed by Dougherty in connection with her representation of petitioner. At the hearing, Gillett moved to disqualify Dougherty, alleging that Aloi had gained confidential information from Haggard, which Haggard gained as a result of his attorney-client relationship with Gillett, and that the information was relayed to Dougherty.
The petitioner testified that he was aware of the various possible conflicts and waived any challenges he might have to claim ineffective assistance of counsel based on these conflicts.
The trial court ruled that although petitioner had effectively waived any right to claim ineffective assistance of counsel based on a conflict of interest, petitioner's counsel would be disqualified from further representation of petitioner.
Respondents cite to Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979) and Andrews v. Allstate Insurance Co., 366 So.2d 462 (Fla. 4th DCA 1978) to support the trial court's action. However, neither of these cases address the issue raised by the case before us. Sears, Roebuck & Co. and Andrews each involved a motion to disqualify made by a party, rather than a potential witness, and both were civil cases, rather than criminal. A conflict of interest claim in a civil dispute is resolved essentially by determining whether there was an attorney-client relationship between the moving party and opposing counsel which involved matters related to the pending suit. If there was such a relationship, the attorney is disqualified. In a criminal case, the existence of a conflict of interest is not determinative because the defendant has a constitutionally guaranteed right to counsel of his choice.
*285 In United States v. Armedo-Sarmiento, 524 F.2d 591 (2nd Cir.1975), a case similar to the one before us, the Government moved to disqualify the law firm retained by the defendants on the grounds that the law firm had in previous criminal cases represented three individuals the Government planned to call as witnesses. Two of the witnesses were unwilling to waive their attorney-client privileges as to confidential communications with the law firm that might be used by defense counsel in cross-examining them. The district court entered an order disqualifying the law firm and the circuit court reversed stating:
We are mindful of the factors on which the court below based its decision, including in particular the witnesses' interests in preserving the confidentiality of their privileged communications, but the district court did not give sufficient weight to the appellants' rights. Although the right to an attorney of one's choosing is not unlimited, the Sixth Amendment does give some protection to a criminal defendant's selection of retained counsel. .. . Of course, a defense counsel's conflict of interests may impair his effectiveness in assisting his client, or in confronting witnesses on behalf of his client. The client, however, may waive his Sixth Amendment rights to effective assistance of counsel and to confrontation of witnesses, just as he may knowingly and intelligently waive any constitutional right.
When it appears that defense counsel has a potential conflict of interest due to the receipt of privileged communications from a state's witness, it is the trial court's duty to insure that the defendant fully understands the disabilities the conflict places on his defense and the adverse consequences that may result from such representation. See, e.g., U.S. v. Garcia, 517 F.2d 272 (5th Cir.1975); In re Taylor, 567 F.2d 1183 (2nd Cir.1977); U.S. v. Armedo-Sarmiento, supra. However, if the defendant, after being fully informed of the ramifications of his decision, chooses to waive his right to conflict-free counsel, he may do so.
Although we find that the hearing below was sufficient to apprise the petitioner of the nature of the potential conflicts, we do not find that petitioner was sufficiently made aware of the limitations that might be placed on his defense due to those conflicts. Therefore, the trial court order of disqualification is quashed with directions that the defendant be given the opportunity to elect to proceed with his present counsel after being fully informed of the consequences that might result from such representation. Further, if petitioner elects to proceed with his present attorney,
"it is to be understood that the witnesses will be entitled to full protection in preserving the confidentiality of their privileged communications .. . and they may refrain from answering any questions from [defense counsel] which are based on privileged communication. Moreover, the trial judge will, in his conduct of the trial, exert every reasonable effort to prevent inadvertent disclosures of confidential information." U.S. v. Armedo-Sarmiento at 593.
ROBERT P. SMITH, Jr., C.J., and McCORD and ERVIN, JJ., concur.