426 So.2d 1008 (1983)
BETH S. by Her Next Friends and Attorneys, Terry Demeo and Rena Wisotsky, Individually and On Behalf of All Others Similarly Situated, Petitioners.
v.
GRANT ASSOCIATES, INC., a Florida Corporation D/B/a Grant Center Hospital and Treatment Center, Lee Haber, As Administrator of Grant Center Hospital and Treatment Center, Respondents.
No. 81-1975.
District Court of Appeal of Florida, Third District.
January 11, 1983.
Rehearing Denied February 28, 1983.
Rena Wisotsky, Legal Services of Greater Miami, Inc., Miami, and Neil Chonin, Coral Gables, for petitioners.
Joe N. Unger, Miami, Pomeroy, Betts & Pomeroy, Fort Lauderdale, for respondents.
Before HUBBART and DANIEL S. PEARSON, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
This is an original petition for a writ of certiorari to review a trial court order disqualifying certain counsel from representing the petitioner Beth S., in a suit filed below against the respondents Grant Associates, Inc., et al. We have jurisdiction to entertain this petition. Art. V, § 4(b)(3), Fla. Const.; DeArce v. State, 405 So.2d 283 (Fla. 1st DCA 1981).
The sole basis for counsel's disqualification below is that the respondents have deposed counsel in the cause and have elicited testimony relating to one count of a five-count complaint filed herein, thereby allegedly making counsel potential witnesses on substantive matters in the cause and ineligible to proceed as counsel in this case. We have carefully examined the record, however, and have concluded that counsels' testimony relates to an uncontested matter which is in no way essential or prejudicial to petitioner's theory of liability under the subject count of the complaint.
*1009 Plainly, a lawyer is not required to decline employment or withdraw as counsel in a case because the lawyer will be a witness in the case where, as here, the lawyer's testimony relates to an uncontested matter which is not prejudicial to the client. Fla.Bar Code Prof.Resp., D.R. 5-101(B)(1);[1] D.R. 5-102 (1970).[2] Moreover, this result is particularly compelled where, as here, the client is insolvent, unable to retain counsel, and counsel is serving on a pro bono basis. Id., D.R. 5-101(B)(4).[3] For these reasons, the order of disqualification under review constitutes a departure from essential requirements of law and must be quashed.
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court for further proceedings.
NOTES
[1] Fla.Bar Code Prof.Resp., D.R. 5-101(B)(1):

"A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
(1) If the testimony will relate solely to an uncontested matter."
[2] Fla.Bar Code Prof.Resp., D.R. 5-102:

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."
[3] Fla.Bar Code Prof.Resp., D.R. 5-101(B)(4):

"A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
... .
(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."