NIMMONS, Judge.
Davis appeals from an order denying, without hearing, his Fla.R.Cr.P. 3.850 motion which was based upon ineffective assistance of his trial counsel by reason of counsel’s conflict in representing both Davis and a codefendant. We reverse.
Davis failed to pull his vehicle into a state agricultural inspection station. He was stopped and asked to return to the station where he was unable to open the back of his truck. A deputy sheriff arrested Davis because he could smell marijuana coming from the truck. The back of the truck was forced open, and six bales of marijuana weighing 266 pounds were found. Small amounts of cocaine were found in the front of the truck. Davis and his passenger, Kenneth Mathews, were charged with trafficking in cannabis and possession of cocaine.
Davis and Mathews were represented by the same trial counsel[1] who filed a motion for severance. The motion was granted. At Davis’ trial, the jury found him guilty of the marijuana trafficking charge but not guilty of the possession of cocaine charge. On his direct appeal, this Court affirmed the judgment in Davis v. State, 430 So.2d 974 (Fla. 1st DCA 1983), “without prejudice to appellant’s right to file a motion for postconviction relief.” Appellant had attempted to raise on the direct appeal the same point now raised in the instant 3.850 proceeding.
In denying the defendant’s 3.850 motion, the trial court stated in his order:
This court has reviewed the entire file, to include transcripts of all pre-trial and trial proceedings in this cause, and after such review, this court finds nothing in the record to substantiate the defendant’s claim that his attorney had a conflict of interest in representing both the defendant and a co-defendant other than any possible conflict that is always present in representing co-defendants and to which the defendant was obviously aware, made no objection thereto and thereby waived the same. The record is devoid of any indication that the attorney actively represented conflicting interests, and there is nothing in the record to demonstrate that the attorney’s dual representation of the defendant and a co-defendant actually affected the adequacy of the attorney’s representation of the defendant.
We do not agree with the trial court.
On February 8, 1982, the trial court heard a motion to suppress filed on behalf of Davis and a motion to dismiss filed on behalf of codefendant Mathews. After the court’s denial of the motions at the conclusion of the hearing, defense counsel referred to the existence of a conflict in his continued representation of both defendants:
Judge, I don’t know how your trial calendar is, but there will be a motion filed for severance in this case based on statements and also based on facts — (interrupted)
* * * * # sf:
*293 Judge, basically on this — obviously there is a conflict in this case and I need to file particular motions and file them properly before this court. I am certain the rule on these motions — the denial of the motion to suppress and the denial of the motion to dismiss changes the factual situation in this case. Whereby I believe that one of the defendants will become a witness for the other if the cases are tried separately, but I will have to file that motion (inaudible) and with getting another counsel because at this stage I would have a conflict.
sfc * # * * *
I believe one of the defendants will be testifying on behalf of the other to the fact that he had no knowledge to the case plus all the statements. I have to analyze it since there will be another lawyer in the case.
Defense counsel did not file a motion to withdraw from the representation of either defendant. However, on February 18, 1982, he did file on behalf of codefendant Mathews a motion for severance. The motion asserted, among other things: (1) that a severance was necessary “to promote a determination of the individual guilt or innocence of [Mathews]”; (2) that there was “no direct evidence that Mathews knew of the presence of contraband in the vehicle driven by [Davis]”; (3) that “the vehicle containing contraband was driven by and authority over it was at all times exercised by [Davis];” (4) that “there exists an inherent conflict in the defense of [Mathews] and [Davis] as to who had control of the contraband”; and (5) that “Davis has informed counsel that he, Davis, would testify at a separate trial that Mathews did not know of the existence of any contraband, nor did Mathews have the ability to control any contraband.”
Counsel had also obtained from Davis an affidavit which was attached to Mathews’ severance motion. Davis’ affidavit stated:
If the trials of Mathews and myself were severed, I would testify at his trial that he did not know the pickup truck contained marijuana and he did not know that there was a vial of cocaine under my (driver’s) seat. I would also testify that I had sole and complete control of the pickup and its contents and that Mathews had no ability or authority to use, dispose of or possess the pickup or any of its contents.
The affidavit also recited that he would not testify to the above facts if the defendants were jointly tried.
When the trial court, prior to commencement of the trial, considered the motion for severance, the state attorney indicated that if Davis were to acknowledge in open court that the signature on the affidavit was his, the state would not oppose a severance, but that the state fully intended to introduce the affidavit into evidence at Davis’ trial. Thereupon, the court suggested that defense counsel present Davis in open court for the purpose of confirming the affidavit. Counsel did and the following colloquy occurred:
[Defense Counsel]: For the record, this is Glen Davis appearing here pursuant to the request of the Court. We are here on the renewal of the Motion for Severance. Do you want me to ask him questions or do you?
THE COURT: I want you to read this because what I am going to do is ask that (sic) your signature and is this true and correct, and I am going to put you under oath on that if you want to testify to it. You don’t have to.
First of all, let me tell you that you certainly don’t have to testify or confirm any of this. And anything you do say can and will be used against you in court in any trial of your case or the co-defendant or anyone else. So, with that in mind let me swear you in and let your attorney ask you what he wants to ask you.
GLENN EDWARD DAVIS, after being duly sworn, then testified as follows:
EXAMINATION BY [DEFENSE COUNSEL].
Q State your full name.
A Glenn Edward Davis.
*294 Q You have read this affidavit filed in this case?
A Yes, sir.
Q Are the contents true and correct?
A Yes, sir.
Q Is that your signature there?
A Yes, sir.
[DEFENSE COUNSEL]: No further questions.
THE COURT: No problem. Anything the State wants to ask regarding the affidavit?
EXAMINATION BY [STATE ATTORNEY]:
Q. Mr. Davis, you understand that this affidavit is being introduced or filed in the case of your co-defendant?
A Yes, sir.
Q And you recognize as the Judge previously indicated that that statement can and will be in all probability used against you in your own trial?
A Yes, sir.
THE COURT: No problem then.
The court then granted Mathews’ motion for severance, and the trial commenced as to the defendant Davis.
During the state’s case-in-chief, the state introduced into evidence, over defense counsel’s objection, Davis’ affidavit. Counsel’s objection was on the basis that “there has been no showing that the affidavit was done freely and voluntarily and the fact that it was done more or less under compulsion that he would testify on behalf of an innocent person.” The propriety of the introduction of the affidavit into evidence was the subject of one of Davis’ points on his direct appeal which, as we have noted, was resolved against Davis.
The right to counsel under the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Florida Constitution encompasses the right to assistance of counsel whose loyalty is not divided between clients with conflicting interests. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Baker v. State, 202 So.2d 563 (Fla.1967); Turner v. State, 340 So.2d 132 (Fla. 2nd DCA 1976).
Dual representation does not in itself violate the constitutional guarantee unless it gives rise to a conflict of interest. In order to establish a violation of the Sixth Amendment guarantee, where no objection to dual representation is made at trial, it must be shown that an actual conflict of interest adversely affected his attorney’s performance. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
In Cuyler the Supreme Court, in discussing the Court’s prior decision in Glasser, supra, and Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), stated:
Glasser established that unconstitutional multiple representation is never harmless error. Once the Court concluded that Glasser’s lawyer had an actual conflict of interest, it refused “to indulge in nice calculations as to the amount of prejudice” attributable to the conflict. The conflict itself demonstrated a denial of the “right to have the effective assistance of counsel.” 315 U.S., [60] at 76, 86 L.Ed. 680, 62 S.Ct. 457 [at 467], Thus, a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. See Holloway, supra, [435 U.S. 475] at 487-491, 55 L.Ed.2d 426, 98 S.Ct. 1173 [at 1180-1182]. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance. See Glasser, supra, at 72-75, 86 L.Ed. 680, 62 S.Ct. 457 [at 465-467].
446 U.S. at 349, 100 S.Ct. at 1718.
There can be little doubt that Davis’ defense counsel encountered a serious conflict of interest in attempting to represent both defendants. And it is equally clear that, instead of seeking to withdraw as counsel, he forged ahead and actively represented the competing interests of his clients which actually affected the adequa *295 cy of his representation of Davis. We can hardly imagine a more obvious example of the sacrifice of the interests of one client for the enhancement of the interests of the other.
As a practical matter, the principal, if not the only, issue involved in the state’s case against Davis pertained to his knowledge of the presence of the subject drugs in the vehicle.[2] The chances for counsel’s successfully defending Davis by putting the state to its burden of proving knowledge and control were greatly diminished, if not eliminated, by counsel’s furnishing the state with what amounted to a virtual admission of guilt on the part of Davis.[3]
The state seems to suggest that the court’s summoning Davis into the courtroom and eliciting from him acknowledgment of his execution of the affidavit and his understanding that the affidavit could be used against him in his upcoming trial somehow constituted a knowing waiver of his attorney’s conflicting loyalties. On the contrary, what the trial court did in the instant case fell far short of demonstrating such a waiver.
If defense counsel were not going to initiate withdrawal from his representation of Davis, he should have at least more directly advised the court of the conflicting interests so that the court could make the kind of inquiry which would lead to either a proper waiver or substitution of counsel. But where, as here, the trial court knows, or reasonably should know, that a particular conflict exists, the court should initiate the inquiry. See Cuyler, supra, at 347. Although many conflict situations will not be apparent to the trial court such that it would not be reasonable to expect the court to take the initiative, it is not unreasonable to impose such an obligation on the trial court where the conflict is apparent and the conflict-burdened attorney has, for whatever reason, neither removed himself from the conflict nor initiated a proper judicial inquiry leading towards waiver.
For the foregoing reasons, we conclude that Davis was deprived of his Sixth Amendment right to the effective assistance of counsel and that there was no valid waiver thereof. Accordingly, the subject order is reversed and this cause is remanded for the entry of an order vacating and setting aside the judgment and sentence and for a new trial.
SHIVERS and WENTWORTH, JJ., concur.

. Counsel on appeal was not trial counsel.

. In a case such as this, the state had the burden of proving that the accused knew of the presence of the substance and that he had the ability to exercise control over it. Sindrich v. State, 322 So.2d 589 (Fla. 1st DCA 1975).

. No witnesses were called on behalf of the defense.