NESBITT, Judge.
Freeman petitions this court for a writ of common law certiorari, pursuant to Florida Rules of Appellate Procedure 9.030(b)(3), to review the trial court’s order disqualifying his attorney, Albert J. Krieger, from representing him in the case below. Finding that Freeman would not have an adequate remedy on appeal and that the trial court departed from the essential requirements of the law, we grant certiorari and reverse the order under review.
Freeman was charged with twenty counts of violating Florida’s Racketeer Influenced and Corrupt Organization Act (RICO), section 895.03(4), Florida Statutes (1985), and one count of conspiracy to do so. Freeman retained Krieger to represent him on all charges.
The state enlisted Mr. Devoe, a codefend-ant, as its primary witness in its case against Freeman. When the state learned *998 that Devoe was previously represented by Krieger on a related matter, the state moved for the disqualification of Krieger from Freeman’s case based upon the conflicting interests between zealous representation and maintaining the secrecy of confidential information gained through the pri- or representation of Devoe. The state also asserted that the prior representation of Devoe would give Freeman an unfair advantage. Devoe joined in the state’s motion for disqualification, asserting that Krieger’s continued representation of Freeman would violate Devoe’s attorney-client privilege. The trial court granted the motion for disqualification. Freeman then petitioned this court for certiorari.
Although we agree with the state’s contention that Krieger will likely face a conflict of interest if he continues to represent Freeman, this factor is not determinative. The cases cited by the state in their response, Ford v. Piper Aircraft Corp., 436 So.2d 305 (Fla. 5th DCA 1983), review denied, 444 So.2d 417 (Fla.1984); Pantori v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980); Andrews v. Allstate Ins. Co., 366 So.2d 462 (Fla. 4th DCA 1978), and Prichec v. Tecon Corp., 139 So.2d 712 (Fla. 3d DCA), cert. denied, 146 So.2d 375 (Fla.1962), all involve the proper standard for disqualification of an attorney based upon a conflict of interest in a civil case. This standard does not apply in a criminal case. See United States v. Armedo-Sarmiento, 524 F.2d 591, 593 (2d Cir.1975) (civil cases dealing with disqualification of attorneys under federal law not controlling when criminal defendant’s Sixth Amendment rights involved). “In a criminal case, the existence of a conflict of interest is not determinative because the defendant has a constitutionally guaranteed right to counsel of his choice.” DeArce v. State, 405 So.2d 283, 284 (Fla. 1st DCA 1981).
In DeArce the court was confronted with an order of disqualification of the defendant’s attorney based upon an alleged conflict of interest between the attorney’s present representation of DeArce and the previous confidential relationships which had existed between the attorney and three of the state’s witnesses. The court, citing to Armedo-Sarmiento, 524 F.2d at 592, held that, in light of the protection afforded to a defendant’s choice of counsel under the Sixth Amendment, disqualification was inappropriate since DeArce was not first given the opportunity to waive his right to effective assistance of counsel. The court reversed the disqualification order and remanded the case to the trial court to allow DeArce to make an informed waiver of his right to conflict-free counsel.
In accordance with the courts’ decisions in DeArce and Armedo-Sarmiento, which are persuasive in this case, we find that the trial court erred in ordering the disqualification of Freeman’s counsel of choice without first providing him with an opportunity to make an informed waiver of his right to conflict-free representation. Therefore, we reverse the trial court’s order and remand for a hearing in order to give Freeman the opportunity, after being fully apprised of the existence of any conflicto and of the resulting limitations upon his attorney, to waive any claims which might arise from the existence of such conflicts and thereby retain his present counsel. Furthermore, if Freeman chooses to continue with his present attorney, “the trial judge will, in his conduct of the trial, exert every reasonable effort to prevent inadvertent disclosures of confidential information.” DeArce, 405 So.2d at 285 (quoting Armedo-Sarmiento, 524 F.2d at 593).
Reversed and remanded for further proceedings as directed.