PER CURIAM.
Michael Coffey petitions this court for a writ of prohibition barring the respondent from retrying him on felony charges after declaring a mistrial over Coffey’s objection. He argues that since there was no manifest necessity for the mistrial, retrial would subject him to double jeopardy. Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983). We agree and grant the petition.
At his first trial Coffey attempted to portray one John Michael Bennett as the actual perpetrator of the offenses for which Coffey was charged. He sought to do so by introducing admissions allegedly made by Bennett to third parties. However, the trial court determined that this testimony was inadmissible because Coffey had not demonstrated Bennett’s unavailability as required by section 90.804, Florida Statutes (1987). Coffey then suggested that Bennett, who was at that time incarcerated in the county jail, should be called as a court’s witness. Defense counsel, an assistant public defender, stated that he was unaware whether Bennett was represented by an attorney, and if so, by whom. Subsequently it was determined that the office of the same public defender also represented Bennett, based on a 1986 appointment in an unrelated case; Bennett had failed to appear for court and was confined on a bench warrant. Because of this apparent conflict of interest the trial court, over Coffey’s objection, declared a mistrial.
We do not dispute the conclusion that, albeit inadvertently, Coffey’s counsel faced an ethical dilemma which could have undermined his effectiveness in the Coffey trial. Indeed, had the court continued with the trial over Coffey’s objection, and had Coffey been convicted of the charges, this court may have been compelled to reverse. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978).
However, this court has held that the appearance of impropriety, standing alone, does not provide a sufficient basis to disqualify an attorney. Endress v. Coe, 433 So.2d 1280 (Fla. 2d DCA 1983). When it appears that defense counsel, by virtue of previous commitments, may compromise his ability to proceed in a new case, that appearance of conflict nevertheless may be waived by his client. In such a situation the better practice is for the court to inquire of the defendant personally, and ascertain whether he appreciates the potential adverse consequences of continuing *500 with his present counsel. DeArce v. State, 405 So.2d 283 (Fla. 1st DCA 1981); United States v. Armedo-Sarmiento, 524 F.2d 591 (2d Cir.1975). That inquiry was not made in the present case. Thus we cannot determine that other alternatives less drastic than mistrial, such as requiring the public defender to withdraw from representing Bennett but not from Coffey, would have been inappropriate.
Since under these circumstances the court would not have been justified in requiring Coffey’s attorney to withdraw from the case, it logically follows that Coffey’s trial should not have been terminated without Coffey’s agreement. See, e.g., Douglas v. United States, 488 A.2d 121 (D.C.App.1985); Hylton v. Eighth Judicial District Court, 743 P.2d 622 (Nev.1987). The result might be different if we were convinced that Coffey or his counsel had deliberately engineered the untenable situation faced at trial in an effort to prejudice the state in its ability to pursue its case against Coffey. Cf. Carter v. State, 717 P.2d 1111 (Nev.1986). However, based on the record before us we must conclude that retrial would subject Coffey to double jeopardy.
The petition for writ of prohibition is granted with directions to discharge the petitioner.
SCHEB, A.C.J., and CAMPBELL and HALL, JJ., concur.