PER CURIAM.
Eddie Collins appeals the denial of his petition for writ of habeas corpus. We dismiss the appeal.
In January, 1989, while a pretrial detainee in Charlotte County, Collins filed his petition. An examination of the petition reveals that Collins was dissatisfied with the services of his court-appointed counsel. The trial court denied the petition and Collins was subsequently convicted and sentenced. Although Collins filed a timely notice of appeal from the order denying habeas corpus relief, that notice did not specify the nature of the order being appealed. On February 22, 1989, this court ordered Collins to file an amended notice. No response to this order was received until December 22, 1989.
Habeas corpus is not the authorized method for challenging the adequacy of counsel’s representation. State v. Broom, 523 So.2d 639 (Fla. 2d DCA 1988). Generally such an argument is presented postjudgment, using the procedures governed by Florida Rule of Criminal Procedure 3.850. An unsuccessful ruling may thereafter be appealed. Conceivably, a defendant could petition this court for certio-rari review of a pretrial order involving his right to counsel. However, such proceedings most commonly involve a trial court’s interference with the right of a party to secure counsel of his choice. See, e.g., DeArce v. State, 405 So.2d 283 (Fla. 1st DCA 1981). We would discourage use of the writ to review every grievance between a defendant and his court-appointed counsel; certainly, Collins’s scattershot and con-clusory petition fails to justify such an *1277 extraordinary remedy. In any event, this particular petition became moot with the imposition of sentence.
Further complicating matters is Collins’s attempt to raise similar sixth amendment issues by interjecting additional facts directly within the notice of appeal. The trial court is the proper forum for initial consideration of such claims. Accordingly, our dismissal is without prejudice to Collins to file a sworn motion in circuit court, following the procedures outlined in rule 3.850.
Appeal dismissed.
RYDER, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.