573 So.2d 964 (1991)
Arthur McClogan ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02661.
District Court of Appeal of Florida, Second District.
January 23, 1991.
Rehearing Denied February 12, 1991.
PER CURIAM.
Arthur Roberts appeals the summary denial of his motion for postconviction relief. We affirm.
The sole issue raised by the motion is ineffective assistance of trial counsel. The same attorney represented both Roberts and his wife on charges of drug trafficking. Since, in Roberts's view, their defenses were "contradictory and overlapping," this dual representation was improper and operated to his detriment.
The state, prior to the Roberts's trial, appears to have recognized the likelihood of the conflict, and filed a motion to determine whether one in fact existed. In *965 response both defendants signed a waiver of conflict of interest. The trial court questioned both defendants regarding this waiver and found it to have been voluntary. Although Roberts argues otherwise, we believe this inquiry satisfied the standard set out in DeArce v. State, 405 So.2d 283 (Fla. 1st DCA 1981), and United States v. Alvarez, 580 F.2d 1251 (5th Cir.1978). Following this ruling the state moved to sever the two defendants' trials because of potential violations of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The trials were severed, but still conducted simultaneously, in that two separate juries were impaneled. While this unusual procedure may have cured the Bruton problem, Roberts nevertheless insists that it failed to forestall counsel's conflict of interest.
While perhaps a risky undertaking, dual representation is not ipso facto a basis for collateral relief. Rather, a defendant claiming a deprivation of his constitutional right to effective counsel must conclusively demonstrate that prejudice resulted from the failure to provide separate lawyers for each defendant. Parker v. State, 239 So.2d 121 (Fla. 2d DCA 1970). In the present case Roberts does assert specific instances of prejudice. Even so, such a claim amounts to little more than second-guessing his own prior choice to share a single attorney with his codefendant  a choice made in the face of warnings from the state and the trial court. Perhaps if Roberts had demonstrated that this choice was itself the product of misinformation or worse, we might reach a different result. However, in the absence of such a contention, we agree with the trial court that Roberts is entitled to no relief.
Affirmed.
RYDER, A.C.J., and FRANK and ALTENBERND, JJ., concur.