WIGGINTON, Judge.
Petitioners seek certiorari review of the trial court’s order granting the state’s motion to disqualify defense counsel from representing both petitioners. We grant cer-tiorari and quash the appealed order, with directions.
Petitioners, who cohabited at the same address, were charged with possession of more than 20 grams of cannabis with intent to sell. They retained the same defense counsel, Angela Jacobs, who, according to an affidavit in the record, informed both petitioners of potential conflicts of interest and of their right to separate attorneys. On March 20, 1991, approximately two months after their arrest, the state made a plea offer to petitioners, in which the state proposed to allow petitioner Madison to plead to a reduced charge if she would testify against petitioner Woseley. Petitioners did not accept that plea offer. Thereafter, on July 10, 1991, the state filed a motion to disqualify defense counsel, arguing that the plea offer showed a clear conflict of interest between the petitioners *980 so that multiple representation of both of them by the same attorney is clearly inappropriate. After a hearing, at which petitioners were not present,[1] the trial judge granted that motion.
Even if the state’s plea offer can be construed as creating a substantial conflict, as recognized in DeArce v. State, 405 So.2d 283 (Pla. 1st DCA 1981):
In a criminal case, the existence of a conflict of interest is not determinative because the defendant has a constitutionally guaranteed right to counsel of his choice.
In DeArce, the court recognized that a defendant, after being fully informed of the ramifications of his decision, should be given the opportunity to waive his right to conflict-free counsel. In Barclay v. Wainwright, 444 So.2d 956 (Fla.1984) and Roberts v. State, 573 So.2d 964 (Fla. 2d DCA 1991), the court also recognized that a defendant can make an effective waiver of conflict. In Roberts, prior to trial the state filed a motion to determine whether a conflict existed since the same attorney was representing two defendants, who were husband and wife, on drug trafficking charges. In response, both defendants signed a waiver of conflict of interest and after questioning both defendants, the court determined the waiver to be voluntary. Later, upon review of the denial of the husband’s 3.850 motion for relief grounded on a claim of ineffective assistance of counsel, the court found the above inquiry satisfied the standards set out in DeArce and that the waiver invalidated the 3.850 claim.
In the instant case, there is no indication that petitioners were given the opportunity to exercise their right to elect to waive any possible conflict. Therefore, as in DeArce, we quash the trial court’s order disqualifying petitioners’ defense counsel from representation of both petitioners, with directions that petitioners “be given the opportunity to elect to proceed with [their] present counsel after being fully informed of the consequences that might result from such representation.”
ERVIN and WOLF, JJ., concur.

. Defense counsel had moved to reschedule the hearing, arguing that she had had insufficient time to contact petitioners so that they could be present at the hearing. The trial court granted her a two-day continuance. However, petitioners still were not present at the hearing but defense counsel’s representations there indicated that both petitioners desired to continue to be represented by Ms. Jacobs.