PALMER, J.
Gayle Valdez (defendant) has filed a petition seeking certiorari review of an order entered by the trial court disqualifying her trial counsel. Concluding that the defendant was fully informed of the potential conflict of interest and knowingly waived that conflict, we grant the petition and quash the disqualification order.
The defendant was charged with trafficking in contraband. A co-defendant was also arrested and charged with possession of contraband. The defendants were living together at the time of their arrest, and they retained the same attorney to represent them.
The State moved to disqualify the defendant’s trial counsel based on an alleged conflict of interest due to the fact that the co-defendant would be called at trial to testify against the defendant. At the hearing on the motion, the arresting officer testified that the co-defendant stated that the defendant was responsible for dealing in narcotics. However, the co-defendant testified that he did not make any statement which implicated the defendant. The defendant indicated that she wanted her lawyer to continue to represent her.
The trial court granted the State’s motion, finding that a serious potential conflict existed due to defense counsel’s dual representation, and further finding the conflict to be so potentially fundamental as to negate the defendant’s waiver. We conclude that the trial court departed from the essential requirements of law in order *603 ing disqualification and, therefore, we grant the defendant’s petition and quash the disqualification order.
A defendant in a criminal proceeding has a presumptive right to proceed with counsel of his or her choosing under the Sixth Amendment to the United States Constitution. See Wheat v. United States, 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988); Robinson v. State, 750 So.2d 58 (Fla. 2d DCA 1999). In Woseley v. State, 590 So.2d 979 (Fla. 1st DCA 1991) the First District explained:
In a criminal case, the existence of a conflict of interest is not determinative because the defendant has a constitutionally guaranteed right to counsel of his choice.
Id. at 980 (citing DeArce v. State, 405 So.2d 283 (Fla. 1st DCA 1981)); see also Barclay v. Wainwright, 444 So.2d 956 (Fla.1984); Roberts v. State, 573 So.2d 964 (Fla. 2d DCA 1991).
Here, although a conflict of interest might develop between the defendant and the co-defendant, that possibility must be weighed against the defendant’s right to proceed with counsel of her own choosing. The defendant made an affirmative waiver of any conflict at the hearing. Once she was fully informed of the potential conflict of interest and knowingly waived that conflict, disqualification of counsel was unwarranted.
Petition GRANTED, order QUASHED and case REMANDED.
SHARP, W, and PETERSON, JJ., concur.